FILED
JAMES BONINI
CLERK

05 JUL 29 AM 8: 41

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION NO.** |
| v. | ) ) ) | **1:05 CV 507** |
| | ) ) | **COMPLAINT** |
| **CORPORATE SECURITY SOLUTIONS, INC.** | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | **J. WATSON** |
| | | **J. BLACK** |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Jeri Hagemeyer who was adversely affected by such practices.

The Commission alleges that Jeri Hagemeyer, a female, had her employment with Defendant terminated on January 21, 2004, because of her sex female and condition of pregnancy. Ms. Hagemeyer received emergency medical treatment and was hospitalized on January 19, 2004 due to complications relating to her pregnancy. Defendant first learned of her condition of pregnancy at that time and terminated her employment when she returned to work on January 21, 2004.

Additionally, as alleged with greater particularity in paragraphs 16 and 17, below, this is an action under the Age Discrimination in Employment Act, the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct actions undertaken by Defendant to retaliate against Jeri Hagemeyer and other individuals affected by Defendant's "Certification and Understanding" Agreement, under which they were required to sign as a condition of employment, because of its unlawfully seeking to limit the periods allowed by law for them to bring actions in court prescribed by these statutes.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This Action is authorized and instituted pursuant to:

a.      Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. Section 217, to enforce the requirements of the Equal Pay Act of 1963 (the "EPA"), codified as Section 15 of the FLSA, 29 U.S.C. Section 215;

b.      Sections 704(a) and 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-3(a) and 2000e-5(f)(1) and (3), ("Title VII");

c.      Sections 4(d) and 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sections 623(d) and 626(b) (the "ADEA"), which incorporate by reference Sections 16(c) and 17 of the FLSA, as amended, 29 U.S.C. Sections 216(c) and 217; and

d.      Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the EPA, Title VII, and the ADEA and is expressly authorized to bring this action by:

a.      Section 17 of the FLSA, 29 U.S.C. Section 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705;

b.      Sections 704(a) and 706(f)(1) and (3) of Title VII, 42 U.S.C. Sections 2000e-3(a) and 2000e-5(f)(1) and (3); and

c.      Sections 4(d) and 7(b) of the ADEA, 29 U.S.C. Sections 623(d) and 626(b),as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Corporate Security Solutions, Inc. (referred to as the "Employer"), has been a Michigan Corporation, doing business in the State of Ohio and the City of Cincinnati, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

3

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. Sections 630(b), (g), and (h).

7.     At all relevant times, Defendant has acted directly or indirectly as an employer in retaliation to employees and has continuously been an employer within the meaning of Section (d) of the FLSA, 29 U.S.C. Section 203(d).

8.     At all relevant times, Defendant  has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. Sections 203(b), (i), and (j), or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. Section 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

## STATEMENT OF TITLE VII CLAIMS

9.     More than thirty days prior to the institution of this lawsuit, Jeri Hagemeyer filed a charge with the Commission alleging violations of Title VII by Defendant Corporate Security Solutions, Inc.   All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     Since at least on or about January 21, 2004 and continuously up until the present time, Defendant Employer has intentionally engaged in unlawful employment practices at its Cincinnati, Ohio facility in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a). The practices include discharging Jeri Hagemeyer because of her sex, female, and condition of pregnancy or related medical condition.

11.  The effect of the practices complained of above has been to deprive Jeri Hagemeyer of equal employment opportunities and otherwise adversely affect her status as an employee because of sex, condition of pregnancy. Section 2000e-2a.

12.  Since at least January 21, 2004, Employer has engaged in continuing unlawful employment practices at its Cincinnati, Ohio facility in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a).  The continuing practices include retaliating against individuals affected by its "Certification and Understanding" Agreement, limiting the statutorily-granted time frame to sue "under State or Federal civil rights" statutes, in violation of law .

13.  The effect of the continuing practices complained of in paragraph 12 above  has been to deprive Jeri Hagemeyer and similarly situated individuals of  equal employment opportunities or their statutorily-granted rights to institute litigation challenging practices made unlawful by Title VII.

14.  The unlawful employment practices complained of in paragraphs 10 and 11 above were and are intentional.

15.  The unlawful employment practices complained of in paragraphs 10 and 11  above were done with malice or with reckless indifference to the federally protected rights of Jeri Hagemeyer.

## STATEMENT OF EPA CLAIMS

16.  Since at least January 21, 2004, Defendant has continually violated Section 15(a)(2) of the FLSA, 29 U.S.C. Section 215(a)(2), by retaliating against individuals affected by the "Certification and Understanding" Agreement by limiting the statutorily-granted time frame to sue under EPA and other civil rights statutes.

## STATEMENT OF ADEA CLAIMS

17.    Since at least January 21, 2004, Defendant has continually engaged in unlawful employment practices at its Cincinnati, Ohio facility, in violation of Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 623(d) by retaliating against individuals affected by the "Certification and Understanding" Agreement by limiting the statutorily-granted rights to sue under ADEA and other civil rights statutes.

18.    The effect of the continuing practice complained of in paragraph 17 above has been to deprive Jeri Hagemeyer and similarly situated individuals of equal employment opportunities regarding their rights granted by statute to litigate and challenge practices made unlawful by the ADEA.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in the institution, maintenance or utilization of the "Certification and Understanding" Agreement, or any other similar plan which retaliates due to employee rights to litigate the statutorily-provided time periods under the above statutes and other "Federal civil rights"acts.

B.   Order the Defendant to make whole Jeri Hagemeyer by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful place rehiring of Jeri Hagemyer.

C.  Order the Defendant to make whole Jeri Hagemeyer by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in the "Nature of the Action" and paragraphs 9 through 11 above, including past and future out-of-pocket losses in amounts to be determined at trial.

D.  Order the Defendant to make whole Jeri Hagemeyer by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 through 11 above, including nonpecuniary losses such as emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E.  Order the Defendant to pay Jeri Hagemeyer punitive damages for its malicious and reckless conduct described in the "Nature of the Action" and paragraphs 9 through 11 above.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC S. DREIBAND
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

C. Larry Watson  (0031443)
Regional Attorney
larry.watson@eeoc.gov

Lawrence Mays  (0038288)
Supervisory Trial Attorney
lawrence.mays@eeoc.gov

Howard R. Besser  (0008543)
Trial Attorney
howard.besser@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
CLEVELAND DISTRICT OFFICE
1660 W. Second Street, Suite 850
Cleveland, Ohio    44113-1412
Tel. (216)  522-7675
Fax. (216)  522-7430

8